**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**Joseph W. NIENABER, Respondent.**

No. 98-SC-113-KB.

Supreme Court of Kentucky.

May 21, 1998.

## OPINION AND ORDER

The Kentucky Bar Association, pursuant to SCR 3.435, moved this Court for an order directing Joseph W. Nienaber, a member of the Kentucky Bar Association, who resides in Cincinnati, Ohio, to show cause why he should not be suspended from the practice of law in Kentucky for two years on the basis of reciprocal discipline consistent with an order of an indefinite suspension entered by the Supreme Court of Ohio on December 31, 1997. On March 10, 1998, this Court ordered Nienaber to show cause within twenty days why he should not be suspended for a minimum period of two years from the practice of law in Kentucky consistent with the order of indefinite suspension by the Supreme Court of the State of Ohio issued December 31, 1997. Nienaber has not responded to the order to show cause.

He was previously suspended from the practice of law in Kentucky for six months on June 23, 1994, following a similar order by the Supreme Court of Ohio at that time.

In 1997, Nienaber was charged with violations of DR 7-102(a)(5) and (7) and 1-102(a)(4) and (5) of the Code of Professional Responsibility of the Supreme Court of Ohio. *Cincinnati Bar Association v. Nienaber* (1997) 80 Ohio State 3d 534, 687 N.E.2d 678. The charges against Nienaber were that he made a knowing false statement in violation of DR 7-102(A)(5) and counseled or assisted a client in conduct known to be illegal or fraudulent in violation of DR 7-102(A)(7) and engaged in conduct prejudicial to the administration of justice in violation of DR 1-102(A)(4) by advising his client to make false representations to a court.

In January 1995, and again in September 1995, a client was represented by Nienaber in Hamilton County Municipal Court on two citations for driving under the influence. The January citation was dismissed because a witness failed to appear but was later refiled. The trial on the refiled case began on November 8, 1995, but was continued for the appearance of a witness. Both the case on the September citation and the continued case on the January citation were heard on the same day, December 20, 1995 before two different judges in the Hamilton County Municipal Court. On the September offense, the client entered a plea of no contest and prior to sentencing, Nienaber told the trial judge that his client had a drinking problem which she recognized and had not been in any trouble since 1988. The judge asked why the 1995 DUI charge was dismissed and Nienaber said it was for want of prosecution because the officer and the civilian witness did not appear. Nienaber did not tell the court that the case based on the January 1995 citation, previously dismissed, had been refiled and that the trial on the January offense had already begun. The judge sentenced the client on the September 1995 citation as a first offender to the minimum mandatory sentence. Nienaber and his client then proceeded to a different court-

room for the continued trial on the January citation where the client entered a plea of no contest. The trial judge inquired whether the charge was a first offense and Nienaber replied that it was a first offense. He did not tell the court that the client had been convicted earlier that morning for the September offense. The trial judge found the client guilty of the January 1995 offense and sentenced her to the minimum sentence as a first offender.

Based on these facts, the disciplinary panel and the Supreme Court concluded that Nienaber knowingly made false statements to each judge in violation of the canons of ethics, and he was suspended from the practice of law in Ohio for two years.

Upon review, this Court recognizes the improper conduct and imposes a discipline of suspension from the practice of law in Kentucky for two years, consistent with the order of indefinite suspension by the Supreme Court of Ohio issued December 31, 1997.

IT IS FURTHER ORDERED THAT:

1. Joseph W. Nienaber shall comply with the provisions of SCR 3.390 regarding notice to all courts in which he has matters pending and to all clients for whom he is actively involved in representation, of his inability to continue to represent them and of the urgent necessity of promptly retaining new counsel. He shall also return all active files to his clients.

2. Nienaber shall pay the costs of this proceeding.

3. Any application for reinstatement will be governed by SCR 3.510, or any subsequent amendment to SCR 3.510.

All concur.

ENTERED: May 21, 1998

/s/Robert F. Stephens
Chief Justice